UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>KENNETH CUCCINELLI, *et al.*,<br>*Defendants*. | No. 19-07993 (GBD) |

STATE OF NEW YORK, *et al.*

*Plaintiffs*,

v.                                                                No. 19-cv-07777 (GBD)

U.S. DEPARTMENT OF HOMELAND
        SECURITY, *et al.*

*Defendants*.

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR STAY PENDING APPEAL**

Defendants request that the Court temporarily stay its proceedings pending the decision of the Second Circuit on the appeal of the preliminary injunction in these cases. Plaintiffs' opposition attempts to characterize Defendants' motion as a retread of Defendants' previous motion to stay the preliminary injunction. However, the instant motion seeks different relief, based on different authority, under a different standard. The interests of the Court and all parties in efficiency and economy are best served by

1

awaiting the decision of the Second Circuit,[1] particularly in light of the recent rulings staying the related preliminary injunctions in the Fourth and Ninth Circuits. Regardless of which party prevails in the interlocutory appeal, it is likely that the Second Circuit's decision will narrow or resolve certain issues, and that the requested stay will therefore prevent the parties and the Court from engaging in unnecessary, duplicative, or inconsistent proceedings.

> I. **The Court is empowered to control the proceedings of this case and both the parties' interests and judicial economy are served by a temporary stay.**

Plaintiffs' contention that the Court must apply the same standard to this request as it previously applied to Defendants' request to stay the injunction is incorrect. It is clear that courts in this Circuit apply different stay standards in different situations. The standard proposed by Plaintiffs is derived from the rule governing stays of judgment and specifically a stay of interlocutory or final judgment in an action for injunction. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing Fed. R. Civ. P. 62(c)). That standard is inapplicable where, as here, Defendants do not request that the Court stay the order from which the interlocutory appeal is taken, but rather merely that it exercise its inherent power to temporarily stay other proceedings while the appeal is being heard. *See, e.g., WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 76 (2nd Cir. 1997) (staying civil suit pending arbitration when stay would not prejudice plaintiff but failure to stay "would involve significant expense and inconvenience and might adversely affect the outcome of [defendant's] arbitration."). Unlike in the cases that Plaintiffs cite, Defendants do not

---

[1] Oral argument before the Second Circuit on Defendants' motion to stay the preliminary injunction is scheduled for January 7, 2020.

argue that the Court *must* stay proceedings because a previous order was wrongly decided, and that the erroneous decision harms a party, but rather that the Court *should* stay proceedings temporarily in the interests of both itself and the parties because the same issues are currently being considered by an appellate court. *See, e.g., Lasala v. Needham Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005); *cf. GOJO Indus. v. Innovative Biodefense, Inc.*, Case No. 1:15-cv-2946, 2019 U.S. Dist. LEXIS 159133, at *7 (S.D.N.Y. Sept. 16, 2019) (applying the *Kappel* factors to decide if litigation should be stayed pending a regulatory enforcement action concerning the same subject matter). Plaintiffs' assertion that this analysis only applies when a Court considers a stay in anticipation of a decision in an unrelated case, Pls.' Opp'n, Case No, ECF No. 128, at 2 n.2,[2] is unsupported and also illogical. There is no reason why a Court's inherent power to control its own docket for purposes of efficiency and judicial economy would be at a lower ebb for proceedings in its own case than for proceedings in unrelated cases.

It is accurate, as Plaintiffs state in their opposition, that Defendants neither alleged in their motion a likelihood of success on the merits of the pending appeal nor irreparable harm if the instant stay is not granted, and that is because neither is a relevant consideration for this motion to stay proceedings.[3] The *Kappel* factors, as described in Defendants' motion, provide useful guidance to the Court in determining whether to stay proceedings pending a relevant decision in a higher Court, *see Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996), Defs.' Mot. ECF No. 121 at 4, but the Court is also

---

[2] Plaintiffs' oppositions in both cases are identical in substance. This reply references the State of New York's opposition throughout.

[3] Although irrelevant to this motion, Defendants maintain generally that they are likely to succeed on the merits of their preliminary injunction appeal and that the preliminary injunction irreparably harms their interests.

empowered to exercise its discretion to control the proceedings on whatever grounds it deems fit. *See Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2nd Cir. 2015) ("[T]he District Court acted within its authority in deciding, based on the circumstances of the case and the interests of the litigants and the Court, that this action should be stayed…[and] concluding that permitting active litigation of the case at present would only waste the parties' resources and the Court's time."); *see also Lasala,* 399 F. Supp. 2d at 426.

Notably, Plaintiffs have not refuted or even addressed the justifications for the stay identified by Defendants. It is clearly likely that the decision of the Second Circuit will simplify if not resolve a number of issues that would otherwise need to be litigated before this Court. Proceeding with the district court case while the appeal is pending would therefore result in a potentially substantial amount of unnecessary, duplicative, or inconsistent litigation that would waste the time and other resources of both the Court and the parties. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). The requested stay, with its temporary duration and definite endpoint, may create significant efficiencies for the Court and the parties, and because of the preliminary injunction, will have no meaningful impact on the interests of the Plaintiffs or non-parties in the interim.

## II. The requested stay has no reasonable possibility of harming Plaintiffs' interests.

Plaintiffs also have not explained how the requested stay, which would be of limited duration and have a definite endpoint, would cause them any harm. Indeed, Plaintiffs argument appears to be that the preliminary injunction they asked the Court to put in place does not effectively protect their interests, which undermines their assertion that it was necessary or justified in the first place. However, this Court has determined

4

that the preliminary injunction preserves the status quo of Plaintiffs' interests. As explained in Defendants' motion, the requested stay would only continue through the Second Circuit's decision on the propriety of the preliminary injunction. If the appeal is decided in favor of Plaintiffs, the preliminary injunction would continue through the final decision on the merits. If the appeal is decided in favor of Defendants, the Second Circuit will have determined that the preliminary injunction was never justified in the first instance. In either scenario the requested stay will have no impact on the preservation of Plaintiffs' interests.

However, even if Plaintiffs are correct that their interests are not actually fully protected by the preliminary injunction, their argument amounts to nothing more than a claim that they might be subject to that identical condition for several weeks or months longer by reason of a stay. This is speculative because, as discussed in Defendants' motion, the Second Circuit's decision could simplify or resolve some issues such that the case might actually be concluded on the merits faster than it otherwise would have been. More importantly, delay alone is not a sufficient reason to find that a stay would be prejudicial because delay is an inherent result of issuing a stay. *See McCracken v. Versima Sys.*, Case No. 6:14-cv-06248 (MAT), 2018 U.S. Dist. LEXIS 152008, at *7 (W.D.N.Y Sept. 6, 2018). The requested stay, by Plaintiffs' own admission, would do no more than preserve the current status quo temporarily, and may prevent the Court and the parties from undertaking unnecessary, duplicative, or inconsistent proceedings.

Additionally, Plaintiffs' allegations concerning the degradation of extra-record evidence are baseless, abstract, and belied by the safeguards already in place. Plaintiffs have no entitlement to any information not already in their possession as part of the

administrative record, but even if they were permitted to seek additional discovery, they have not provided any reason why the temporary delay of proceedings requested here would prejudice their collection of that information. Plaintiffs have provided no support or even explanation for their assertion that there are "real concerns with respect to fading memories and loss of evidence," Pls.' Opp'n at 10, nor can they, for a temporary stay of the duration sought here. Similarly, Plaintiffs' assertion that Defendants' record retention efforts are "insufficient to protect Plaintiffs' interests" *id.*, has absolutely no basis in any evidence or information.

### III. Conclusion

For the reasons stated herein and in Defendant's motion to stay proceedings, Defendants respectfully request that further proceedings be stayed pending the Second Circuit's resolution of the appeal of the preliminary injunction in these cases.

Dated: December 20, 2019                Respectfully submitted,

 

JOSEPH H. HUNT
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

*/s/ Keri L. Berman*
JOSHUA M. KOLSKY
JASON C. LYNCH
ERIC SOSKIN
KUNTAL CHOLERA
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
Washington, D.C. 20530
Tel: (202) 305-7538 / Fax: (202) 616-8460

        Email: Keri.L.Berman@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                             */s/ Keri L. Berman*
                                             KERI L. BERMAN
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             Washington, D.C. 20530
                                             Tel: (202) 305-7538 / Fax: (202) 616-8460
                                             Email: Keri.L.Berman@usdoj.gov