

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

Joshua Kolsky
Trial Attorney

Tel.: (202) 305-7664
E-mail: joshua.kolsky@usdoj.gov

December 20, 2019

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re: Response to Plaintiffs' Letter Motion for Pre-Motion Discovery Conference (*State of New York, et al. v. United States Department of Homeland Security, et al.*, No. 19-cv-7777; *Make the Road New York, et al. v. Cuccinelli, et al.*, No. 19-cv-7993)

Dear Judge Daniels,

Defendants in these related cases respectfully submit this letter in opposition to Plaintiffs' December 6, 2019 letter motion requesting a pre-motion discovery conference. For the reasons discussed below, Plaintiffs are not entitled to discovery in these actions challenging an administrative rulemaking by the Department of Homeland Security. Therefore, there is no need for a discovery conference. Moreover, the Court should defer ruling on the availability of discovery until after it has resolved Defendants' motion to stay the proceedings pending appeal of the Court's preliminary injunction rulings.[1]

"[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019); *see also* 5 U.S.C. § 706(2) ("the court shall review the whole record or those parts of it cited by a party"). "The task of the reviewing court is to apply the appropriate [Administrative Procedure Act ("APA")] standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation omitted). "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own

---

[1] Plaintiffs assert that the parties conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Defendants, however, informed Plaintiffs' of Defendants' view that these cases are exempt, under Local Rule 16.1, from the Rule 26(f) conference requirement. Defendants further explained that they were willing to confer with Plaintiffs about scheduling and the parties' counsel did discuss scheduling and related matters on November 22, 2019. That discussion did not constitute a Rule 26(f) conference.

conclusions based on such an inquiry." *Id*. at 744. Accordingly, "[i]n a suit under the APA, discovery rights are significantly limited." *Sharkey v. Quarantillo*, 541 F.3d 75, 92 n.15 (2d Cir. 2008). Additionally, discovery into matters implicating "the foreign affairs power of the Executive," including its authority over immigration policy, is especially disfavored given the "substantial deference that is and must be accorded to the Executive" in this area. *Trump v. Hawaii*, 138 S. Ct. 2392, 2424 (2018) (Kennedy, J. concurring).

Nevertheless, Plaintiffs insist that they be permitted to conduct discovery of the Executive Branch because they have asserted claims under the Equal Protection Clause of the U.S. Constitution. But constitutional claims are also subject to the terms and limitations of the APA. The APA's "central purpose" is to "provid[e] a broad spectrum of judicial review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). And because the APA itself provides for judicial review of agency action that is "contrary to constitutional right[s]," 5 U.S.C. § 706(2)(B), its record-review requirements apply to constitutional claims challenging agency action. Indeed, it would make little to sense to allow a plaintiff broader discovery simply because it purports to bring a stand-alone constitutional challenge instead of one under the APA.

For these reasons, courts routinely reject attempts by plaintiffs to obtain discovery in support of their constitutional claims against the federal government. *See, e.g.*, *Harkness v. Secretary of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (rejecting argument that "discovery was necessary because '[c]onstitutional issues cannot be decided on the administrative record'"); *Chang v. USCIS*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) (rejecting argument that plaintiffs were entitled to discovery on constitutional claims against the federal government); *N. Arapaho Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1171 (D. Wyo. 2015) (finding that "when conducting constitutional review of agency action, a court must limit its review to the administrative record unless an exception applies"); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1232 (D.N.M. 2014) ("The presence of a constitutional claim does not take a court's review outside of the APA . . . and courts must . . . respect agency fact-finding and the administrative record when reviewing agency action for constitutional infirmities[.]"); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("[T]he presence of a constitutional claim does not alter the requirements . . . that federal courts confine their review to the record of those proceedings."). To conclude otherwise would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations [in order] to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock*, 58 F. Supp. 3d at 1238.

Because Plaintiffs' action, if it may proceed at all, must proceed under the APA, the Court is presumptively limited to reviewing the administrative record compiled by the agency. *See* 5 U.S.C. § 706. While there is a "narrow exception" to the APA's record-review requirement where plaintiffs make a "strong showing of bad faith or improper behavior," *Department of Commerce*, 139 S. Ct. at 2573-74, plaintiffs did not make that showing here. "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). Absent such a strong showing, a court may not "entertain an inquiry as to the extent of [the decisionmaker's] investigation[,]" "the methods by which he reached his

determination[,]" or "the relative participation of the [decisionmaker] and his subordinates." *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974); *Amfac Resorts, LLC v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) ("[A] party must provide good reason to believe that discovery will uncover evidence relevant to the Court's decision to look beyond the record. Thus, a party must make a significant showing—variously described as a 'strong,' 'substantial,' or 'prima facie' showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record." (citations omitted)).

Plaintiffs rely on various alleged statements by government officials, most of which concern immigration in general, not the Rule at issue in this case. *See* Mot. at 1 (citing complaints). The few statements allegedly connected to the Rule show only that a White House advisor directed agencies to "prioritize" the Rule over "other efforts." *Make the Road New York*, Complaint, ECF No. 1, ¶ 218. Such statements do not indicate that the advisor pushed for the Rule due to any discriminatory motive. Accordingly, Plaintiffs' sparse allegations of improper motive do not constitute a "strong showing" of "bad faith or improper behavior," particularly considering the well-supported, non-discriminatory justifications in the administrative record. Because Plaintiffs have not made the necessary strong showing of bad faith to overcome the default constraints of record review, the Court should not permit any extra-record discovery.

Moreover, discovery would be especially inappropriate here because of the highly deferential standard of review applicable to Plaintiffs' constitutional claims. Those claims, if they are reviewable at all, are subject to, at most, the deferential rational basis standard articulated in *Hawaii*. Plaintiffs contend that their equal protection claims should be reviewed under the standard established by *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), and that they are therefore entitled to wide-ranging discovery. Plaintiffs provide no support for their contention that *Arlington Heights* is applicable here. The law of this Circuit is clear that "rational basis scrutiny applies to immigration and naturalization regulation," and that the standard is "highly deferential." *Lewis v. Thompson*, 252 F.3d 567, 582 (2nd Cir. 2001).[2] The *Hawaii* decision reaffirmed the necessity of applying a deferential standard in areas like immigration, which rely on the foreign affairs expertise of the political branches. *See Hawaii*, 138 S. Ct. at 2418-19. Under rational basis review, not only are the *Arlington Heights* factors referred to by Plaintiffs irrelevant, but discovery in general is inappropriate. Rational basis scrutiny is satisfied "so long as [the Agency's action] can reasonably be understood to result from a justification independent of unconstitutional grounds," *Hawaii*, 138 S. Ct. at 2420, and the burden is on the plaintiff to "negative every conceivable basis which might support" that action. *Lewis*, 252 F.3d at 582 (citation omitted). The applicability of this deferential review to this immigration matter is clear, and indeed, the District of Maryland yesterday applied this exact analysis in its decision denying discovery on equal protection claims concerning revision of the

[2] Plaintiff cites *Sessions v. Morales-Santana*, 198 L. Ed. 2d 150 (2017) but that decision does not suggest a heightened standard of review applies here. A stricter standard was applied in that case because the plaintiff "claim[ed] he is, and since birth has been, a U. S. citizen." *Id*. at 167. Indeed, the Court contrasted that case with cases implicating Congress's "'exceptionally broad power' to admit or exclude aliens," which cases permit only "minimal scrutiny (rational-basis review)." *Id*. There is no dispute that this case, involving the agency's interpretation of the public charge inadmissibility provision, directly implicates Congress's power to admit or exclude aliens.

public charge regulations for visa applications. *Baltimore v. Trump*, Case No. 18-cv-3636-ELH, ECF No. 88, at *19-23 (D. Md. Dec. 19, 2019).[3]

None of the decisions cited by Plaintiffs suggests that discovery is appropriate here. Two of those decisions involved constitutional claims against municipalities. *See Floyd v. City of New York*, 959 F. Supp. 2d 540, 557 (S.D.N.Y. 2013) (defendants were the "City, and its agent the NYPD"); *Pugliese v. Long Island Rail Road Company*, 2006 U.S. Dist. LEXIS 66936, at *10 (E.D.N.Y. Sep. 19, 2006) (defendants were the Long Island Rail Road Company and certain of its employees). But municipalities are not subject to the APA, *see* 5 U.S.C. § 702 (authorizing judicial review of "agency action"); *id*. § 701(b) ("'agency' means each authority of the Government of the United States[.]"). Those cases say nothing about whether discovery is permitted for constitutional claims brought against the federal government, for which Congress has established in the APA a judicial review mechanism and provided that such review shall occur on the administrative record alone.

Next, the court in *Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.Y. 2019), did not permit extra-record discovery simply because the plaintiff asserted an equal protection claim. Rather, the court had already concluded that it would consider extra-record discovery since it found that the plaintiffs had "proffered significant evidence," including documents and testimony, sufficient to qualify for an exception to the discovery limitation. *Id.* at 343. In *New York v. United States Department of Health & Human Services*, 2019 WL 3531960, at *5 (S.D.N.Y. Aug. 2, 2019), in the context of a motion to intervene, the court observed that it was "possible that evidence outside the administrative record may bear on" certain constitutional claims. That decision did not authorize, much less, address the availability of discovery. Moreover, the proposition that evidence outside the record may "possibl[y]" be relevant is not contrary to Defendants' position here. As noted above, there are limited circumstances in which evidence outside the record may be considered by courts when reviewing agency action. Next, the question of whether the APA limits discovery for constitutional claims brought against the federal government was not raised or decided by the court in *Janfeshan v. U.S. Customs & Border Protection*, 2017 WL 3972461 (E.D.N.Y. Aug. 21, 2017). And that case involved an allegedly unlawful search of the plaintiff's cellular telephone so there was no administrative record to enable judicial review. *Janefshan* is therefore far afield from this case in which Plaintiffs challenge an agency rulemaking and there is a vast administrative record documenting the basis for the agency's action.

Plaintiff also relies on a district court ruling permitting discovery in the census litigation, which involved claims that the challenged government action violated the constitutional guarantee of equal protection. Mot. at 3. But the Supreme Court later held that the district court "should not have ordered extra-record discovery when it did" because those plaintiffs had not made the "strong showing of bad faith or improper behavior" required to justify such discovery. 139 S. Ct. at 2574. The Court explained that extra-record discovery was ultimately justified there, but it became

---

[3] The Court in *Baltimore* found "on the particulars of [that] case," that the APA did not preclude discovery on the plaintiff's constitutional challenge. *Id*. at 15. Although the government disagrees with that ruling, those particulars include the fact that that case did not involve a "challenge[] to an agency adjudication or rule promulgated after formal or informal proceedings." *Id*. at 16. In contrast, this case does involve a challenge to a rule promulgated after informal proceedings.

proper only after the plaintiffs had identified material in the administrative record that justified extra-record discovery. *Id.* Before that point, discovery outside the agency record was "premature." *Id.*

The Supreme Court decision in *Department of Commerce* therefore confirms that the mere presence of an equal protection claim is *not* sufficient to permit discovery. Plaintiffs argue that *Department of Commerce*'s holding on discovery is limited to the APA claims, not the constitutional claims, because only APA claims were before the Court. Mot. at 3 n.3. But the Supreme Court found that the district court had erred when it initially permitted extra-record discovery—which occurred *before* the district court rejected the equal protection claim—since, at the time, plaintiffs had failed to establish an exception to the discovery limit. *See id.* at 2574 ("the District Court should not have ordered extra-record discovery when it did"); *New York v. United States Dep't of Commerce*, 345 F. Supp. 3d 444, 446 (S.D.N.Y. 2018) ("on July 3, 2018, the Court authorized discovery beyond the administrative record"); *New York v. Dep't of Commerce*, 351 F. Supp. 3d 502, 671 (S.D.N.Y. 2019) (on Jan. 15, 2019, the district court rejected the equal protection claim). The Supreme Court could not have reached this holding if a plaintiff's mere assertion of an equal protection claim were sufficient to entitle it to broader discovery.

Although Defendants strongly dispute Plaintiffs' entitlement to discovery in these cases, if the Court disagrees, at the very least, it should defer discovery until the Court resolves Defendants' forthcoming motions to dismiss, which are currently due on January 31, 2020. "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Staying discovery pending the outcome of a motion to dismiss is especially appropriate where, as here, Defendants' motions may challenge the court's subject matter jurisdiction.

Lastly, Plaintiffs ask the Court to order Defendants to produce a privilege log if the Court permits discovery to proceed and if Defendants withhold documents on the basis of privilege. Mot. at 4 n.4. Because discovery has not occurred and Defendants have not withheld any discovery materials, Plaintiffs' request is premature. Also, Plaintiffs' suggestion that documents reflecting the agency's internal deliberative process should be included in the administrative record is baseless and erroneous. *Id*. "The law is clear: predecisional and deliberative documents 'are not part of the administrative record[.]" *Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, 2017 U.S. Dist. LEXIS 117545, at *57 (D. Md. July 27, 2017).

For these reasons, Defendants respectfully request the Court deny Plaintiffs' request to take discovery in these cases.

Respectfully submitted,

/s/
Joshua M. Kolsky

CC: All Counsel of record via ECF