April 28, 2020

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re: *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, 19-cv-7777 (GBD) ("*State of New York*"); *Make the Road New York, et al.* v. *Kenneth Cuccinelli, et al.*, No. 19-cv-7993 (GBD) ("*MRNY*")

Dear Judge Daniels:

Plaintiffs write to respectfully urge the Court not to adjourn the argument on Defendants' pending motion to dismiss.

First and foremost, the continued harms attendant to the Rule weigh in favor of swift adjudication. Plaintiffs allege that the Public Charge Rule deters immigrants from accessing important healthcare, nutritional, and housing benefits to which they are entitled. *See* Gov't Compl. ¶¶ 194-262, Gov't Docket No. 1; MRNY Compl. ¶¶ 240-270, MRNY Docket No. 1. The Court has already held that these harms are not speculative. *See New York v. United States Dep't of Homeland Sec.*, 408 F. Supp. 3d 334, 350 (S.D.N.Y. 2019); *Make the Rd. New York v. Cuccinelli*, 419 F. Supp. 3d 647, 665 (S.D.N.Y. 2019). As this Court has recognized, the implementation of the Rule imposes significant and irreparable harm on Plaintiffs. These urgent issues require a swift resolution.

Moreover, Defendants have taken the position in this case, as they have in other jurisdictions, that any supplementation of the administrative record, production of a privilege log, and discovery on equal protection claims should not proceed until after their motion to dismiss has been resolved. *See* Govt' Docket No. 125 at *5; MRNY Docket No. 168 at *5; *see also* Exhibit 1, Def's.' Opp'n. to Pl's. Motion to Compel in N.D. Cal., 20-21. Respectfully, Plaintiffs disagree with this position, as set forth in their joint letter seeking a pre-motion discovery conference. *See* Gov't Docket No. 131; MRNY Docket No. 162. Again, this issue needs to be resolved sooner rather than later so as to alleviate the harm on non-citizens who are subject to the Public Charge Rule.

Time is particularly of the essence in light of the new and drastic public health and economic harms that the Rule imposes during the COVID-19 pandemic. *See* Gov't Docket No. 161, Ex. 1, 2-3. The rapid and ongoing spread of COVID-19 is causing a nationwide public-health crisis and wreaking havoc on the economy. But the Public Charge Rule is hindering those efforts by deterring immigrants from accessing healthcare and public benefits that are essential tools for protecting the public at large. Accordingly, Plaintiffs intend to file this evening a motion for a new preliminary injunction relating to the national COVID-19-related emergency, or, in the alternative, for a temporary restraining order. Plaintiffs also intend to file a motion to expedite so that the motion may be heard at the parties' May 5, 2020 hearing. Plaintiffs therefore request that the Court maintain its original argument date so that these matters can be resolved as quickly as possible.

Page 2

Finally, the Southern District of New York has created procedures designed to ensure that cases continue to be heard during this pandemic. Pursuant to the Southern District's COVID-19 protocols, all previously scheduled civil conferences may continue by telephone or video conference without need for entry to the courtroom. Participation in a remote conference would not cause any hardship to the parties. Given the ongoing and urgent harms presented by the Rule, and ongoing uncertainty that the Southern District courthouse will be open to the public within the next two months,[1] Plaintiffs respectfully urge the Court not to adjourn the argument until a date when the parties may appear in-person, and to instead hold the scheduled hearing on May 5, 2020, either telephonically or by video conference.

Respectfully submitted,

**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/* Ming-Qi Chu
Ming-Qi Chu, *Section Chief, Labor Bureau*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Bureau Chief, Civil Rights*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone: (212) 416-8689
Ming-Qi.Chu@ag.ny.gov

*Attorneys for the State and City of New York, and States of Connecticut and Vermont*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/* Jonathan H. Hurwitz
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles

1285 Avenue of the Americas
New York, New York 10019-6064

---

[1] *See*, *e.g.*, Commonwealth of Virginia, Executive Order 55 (2020), at https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-55-Temporary-Stay-at-Home-Order-Due-to-Novel-Coronavirus-(COVID-19).pdf, (directing all residents to shelter in place until June 10, 2020).

        (212) 373-3000
        aehrlich@paulweiss.com
        jhurwitz@paulweiss.com
        ebeale@paulweiss.com
        roloughlin@paulweiss.com
        dsinnreich@paulweiss.com
        abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org


**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit


199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org


*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*


cc:    All Counsel of record via ECF