

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Keri Berman  
Trial Attorney

Tel.: (202) 305-7538  
E-mail: keri.l.berman@usdoj.gov

August 27, 2020

Hon. George B. Daniels  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1310  
New York, NY 10007

        Re:    Response to Plaintiffs' renewed request for a discovery conference in *New York v. U.S. Department of Homeland Security*, No. 19-7777, and *Make the Road New York v. Cuccinelli*, No. 19-7993

Dear Judge Daniels:

      Defendants in these related cases respectfully submit this letter in opposition to Plaintiffs' August 20, 2020 letter motion requesting a pre-motion discovery conference. For the reasons discussed below, Plaintiffs are not entitled to discovery in these actions challenging an administrative rulemaking by the Department of Homeland Security. Therefore, there is no need for a discovery conference.

      Plaintiffs contend that Defendants' position opposing a pre-motion discovery conference is inconsistent with the requirements of Local Rule 37.2, but that rule only requires Plaintiffs to request such a conference before making a motion; there is no obligation on Defendants to agree to the conference or for the Court to hold a conference prior to authorizing discovery motions practice. *See* SDNY L.R. 37.2. Plaintiffs' assertion that their discovery request can be resolved informally without full briefing on the issue is unsupported. The parties' brief letters on the subject of a discovery conference, which were filed more than eight months ago and concerned topics in addition to the availability under the law of discovery in a suit challenging an administrative agency rulemaking are not an adequate substitute for full briefing on the relevant issues. Furthermore, the discovery decisions referenced by Plaintiffs as supplemental authority are based on out-of-circuit law and are of limited persuasive value.

      If the Court proceeds to a discovery conference, Defendants' position will remain that no discovery on Plaintiffs' equal protection claims is warranted. "[I]n reviewing agency action, a

court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019); see also 5 U.S.C. § 706(2) ("the court shall review the whole record or those parts of it cited by a party"). "The task of the reviewing court is to apply the appropriate [Administrative Procedure Act ("APA")] standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation omitted). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* at 744. Accordingly, "[i]n a suit under the APA, discovery rights are significantly limited." *Sharkey v. Quarantillo*, 541 F.3d 75, 92 n.15 (2d Cir. 2008). Additionally, discovery into matters implicating "the foreign affairs power of the Executive," including its authority over immigration policy, is especially disfavored given the "substantial deference that is and must be accorded to the Executive" in this area. *Trump v. Hawaii*, 138 S. Ct. 2392, 2424 (2018) (Kennedy, J. concurring).

Contrary to Plaintiffs' contentions, constitutional claims are also subject to the terms and limitations of the APA. The APA's "central purpose" is to "provid[e] a broad spectrum of judicial review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). And because the APA itself provides for judicial review of agency action that is "contrary to constitutional right[s]," 5 U.S.C. § 706(2)(B), its record-review requirements apply to constitutional claims challenging agency action. Indeed, it would make little to sense to allow a plaintiff broader discovery simply because it purports to bring a stand-alone constitutional challenge instead of one under the APA.

For these reasons, courts routinely reject attempts by plaintiffs to obtain discovery in support of their constitutional claims against the federal government. *See, e.g., Harkness v. Secretary of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (rejecting argument that "discovery was necessary because '[c]onstitutional issues cannot be decided on the administrative record'"); *Chang v. USCIS*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) (rejecting argument that plaintiffs were entitled to discovery on constitutional claims against the federal government); *N. Arapaho Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1171 (D. Wyo. 2015) (finding that "when conducting constitutional review of agency action, a court must limit its review to the administrative record unless an exception applies"); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1232 (D.N.M. 2014) ("The presence of a constitutional claim does not take a court's review outside of the APA . . . and courts must . . . respect agency fact-finding and the administrative record when reviewing agency action for constitutional infirmities[.]"); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("[T]he presence of a constitutional claim does not alter the requirements . . . that federal courts confine their review to the record of those proceedings."). To conclude otherwise would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations [in order] to

trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock*, 58 F. Supp. 3d at 1238.

Because Plaintiffs' action must proceed under the APA, the Court is presumptively limited to reviewing the administrative record compiled by the agency. *See* 5 U.S.C. § 706. While there is a "narrow exception" to the APA's record-review requirement where plaintiffs make a "strong showing of bad faith or improper behavior," *Department of Commerce*, 139 S. Ct. at 2573-74, plaintiffs did not make that showing here. "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). Absent such a strong showing, a court may not "entertain an inquiry as to the extent of [the decisionmaker's] investigation[,]" "the methods by which he reached his determination[,]" or "the relative participation of the [decisionmaker] and his subordinates." *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974). Because Plaintiffs have not made the necessary strong showing of bad faith to overcome the default constraints of record review, the Court should not permit any extra-record discovery.

Importantly, the Court has not yet determined the standard of review applicable to Plaintiffs' equal protection claims. If the Court determines that the correct standard is the highly deferential standard applicable to cases involving the admission of aliens, that would provide another reason why discovery would be improper here. The law of this Circuit is clear that "rational basis scrutiny applies to immigration and naturalization regulation," and that the standard is "highly deferential." *Lewis v. Thompson*, 252 F.3d 567, 582 (2nd Cir. 2001). The *Hawaii* decision reaffirmed the necessity of applying a deferential standard in areas like immigration, which rely on the foreign affairs expertise of the political branches. *See Hawaii*, 138 S. Ct. at 2418-19; *see also CASA de Maryland v. Trump*, No. 19-2222, at 48 (4th Cir. Aug. 5, 2020) ("To whatever extent the federal courts are empowered to review how the executive discharges this duty, the separation of powers demands careful deference from the judiciary and intervention, if at all, only in truly exceptional situations."). Under rational basis review, not only are the *Arlington Heights* factors referred to by Plaintiffs irrelevant, but discovery in general is inappropriate. Rational basis scrutiny is satisfied "so long as [the Agency's action] can reasonably be understood to result from a justification independent of unconstitutional grounds," *Hawaii*, 138 S. Ct. at 2420, and the burden is on the plaintiff to "negative every conceivable basis which might support" that action. *Lewis*, 252 F.3d at 582 (citation omitted). The applicability of this deferential review to this immigration matter is clear, and indeed, the District of Maryland applied this exact analysis in its decision denying discovery on equal protection claims concerning revision of the State Department's public charge guidance for visa applications. *Baltimore v. Trump*, 429 F. Supp. 3d 128, 143 (D. Md. Dec. 19, 2019) ("Faithful

- 4 -

adherence to [Supreme Court precedent] compels the conclusion that the City is not entitled to discovery as to its equal protection claims.").

    For the reasons stated above and in Defendants' previous opposition to Plaintiffs' first request for a pre-motion discovery conference, Defendants respectfully request that the Court deny Plaintiffs' request and instead proceed to formal briefing on the question of equal protection discovery.

                                               Respectfully submitted,

                                                           /s/
                                              Keri L. Berman

CC: All Counsel of record via ECF.