UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, and CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>UR JADDOU, in her official capacity as Director of United States Citizenship and Immigration Services; the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; and the UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | No. 1:19-cv-7993-GBD-OTW<br><br>**DECLARATION OF JONATHAN HURWITZ IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 2412(b)** |

I, JONATHAN HURWITZ, declare under penalty of perjury as follows:

1. I represent Plaintiffs in this litigation, and am a counsel in the Litigation Department at Paul, Weiss, Rifkind, Wharton and Garrison LLP ("Paul Weiss"). I respectfully submit this declaration in support of Plaintiffs' application for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).

2. The Paul Weiss Litigation Department is one of the country's premiere litigation departments, and is led by a team of the country's most experienced and accomplished trial lawyers. Our litigators handle among the most complex and demanding lawsuits, class actions, government investigations, criminal prosecutions and restructurings. Our clients include Fortune 50 corporations and other prominent companies in a host of industries. In 2019, Paul

Weiss was recognized by *The American Lawyer* as the "Law Firm of the Year." Paul Weiss is consistently ranked as one of the top litigation practices in the country by *The American Lawyer, Chambers, National Law Journal*, and *U.S. News & World Report*, among others.

3. Paul Weiss staffed this case with a team of attorneys with a range of seniority. This request for attorneys' fees relates to services provided by five Paul Weiss attorneys in addition to myself: Andrew J. Ehrlich, Daniel S. Sinnreich, Robert J. O'Loughlin, Amy K. Bowles, and Juhyun (Leah) Park.

4. Andrew J. Ehrlich is a Partner in the Litigation Department at Paul Weiss. He graduated *magna cum laude* from Harvard College in 1996 and Harvard Law School in 2000. Following law school, he completed judicial clerkships for Hon. Naomi Reice Buchwald of the United States District Court for the Southern District of New York and Hon. Stephen Reinhardt of the United States Court of Appeals for the Ninth Circuit. He was admitted to the Bar of the State of New York in 2003. He has practiced law at Paul Weiss for 21 years, the last 15 of them as a partner. Over that time, he has tried more than 20 cases to conclusion, including jury trials, bench trials, and arbitrations. He has argued more than two dozen appeals in the state and federal courts, and dozens of dispositive and other significant motions. He co-chairs Paul Weiss's Securities Litigation and Enforcement Group, and serves in various roles in firm management.

5. I am a *cum laude* graduate of Yale University (1980) and of New York University School of Law (1985). Following law school, I completed a judicial clerkship for Hon. Collins J. Seitz of the United States Court of Appeals for the Third Circuit. I was admitted to the Bar of the State of New York in 1987. I have practiced law at Paul Weiss since 1986. I have represented clients in a range of federal and state courts in New York and elsewhere, and have argued appeals and substantive motions in the Second Circuit, the New York Court of Appeals, this Court, and other courts.

6. Daniel S. Sinnreich graduated from Harvard Law School in 2013, joined Paul Weiss as an associate in September 2013, and was admitted to the Bar of the State of New York

in 2014.  He left Paul Weiss in July 2015 to clerk for Hon. Lewis A. Kaplan of the United States District Court for the Southern District of New York.  He returned to Paul Weiss as an associate in September 2016.  He left Paul Weiss again in August 2017 to clerk for Hon. Jon O. Newman of the United States Court of Appeals for the Second Circuit.  He again returned to Paul Weiss in September 2018 as an associate.  He was promoted to counsel in January 2022.  Mr. Sinnreich left Paul Weiss in October 2023 to become Counsel in the Crypto Assets and Cyber Unit of the United States Securities and Exchange Commission.

7. Robert J. O'Loughlin graduated *magna cum laude* from the University of Michigan Law School in 2013, joined Paul Weiss as an associate in August 2013, and was admitted to the Bar of the State of New York in 2013.  He left Paul Weiss in July 2014 to clerk for Hon. James S. Gwin of the United States District Court for the Northern District of Ohio, and then for Hon. R. Guy Cole, Jr., of the United States Court of Appeals for the Sixth Circuit.  He returned to Paul Weiss in October 2016 as an associate.

8. Amy K. Bowles graduated from the University of California, Irvine School of Law in 2015, and was admitted to the Bar of the State of New York in 2016.  After graduating from law school, she clerked for Hon. Marjorie O. Rendell of the United States Court of Appeals for the Third Circuit and Hon. Gene E.K. Pratter of the United States District Court for the Eastern District of Pennsylvania.  She joined Paul Weiss as an associate in 2017.  She left Paul Weiss in December 2021, and now practices at Davis, Graham & Stubbs LLP in Denver, Colorado.

9. Juhyun (Leah) Park graduated from Harvard Law School in 2018, joined Paul Weiss as an associate in September 2018, and was admitted to the Bar of the State of New York in June 2019.

10. I believe the work performed by the Paul Weiss team was necessary and reasonable in light of the needs of the ligation and was performed efficiently. Paul Weiss attorneys began working on this matter in March 2017.  In preparation for and over the course of the litigation, Paul Weiss attorneys, along with co-counsel, conducted legal and factual

research, identified and retained organizational plaintiffs, consulted experts, drafted and edited the Complaint, papers in support of Plaintiffs' motion for a preliminary injunction, appellate briefs, and other relevant documents, and appeared in Court in support of Plaintiffs' motion for a preliminary injunction, in opposition to defendants' motion to dismiss, and in support of Plaintiffs' motion to compel the production of documents, as well as on appeal in the Second Circuit. Paul Weiss attorneys, along with co-counsel, coordinated with amici who submitted briefs in this Court and in the Second Circuit in support of Plaintiffs.

11. Paul Weiss attorneys took on significant responsibility for legal research and drafting tasks, as well as finalizing, cite-checking and proofreading the voluminous motion papers and supporting evidence submitted in support of Plaintiffs' complaint and various motions. I argued the motion for a preliminary injunction in this Court, and, together with counsel from the Office of the New York State Attorney General, argued the appeal of this Court's preliminary injunction decision to the United States Court of Appeals for the Second Circuit and in the opposition to Defendants' motion to stay the preliminary injunction pending appeal.

12. Having prevailed against Defendants in this suit, Plaintiffs now seek an award of attorneys' fees for the work that was reasonably necessary to litigate this case. This amount includes fees in connection with work performed from October 2018 until March 2021. Plaintiffs also may seek an award of any further fees and expenses they incur in litigating this Motion through its resolution and performing other compensable work, and we will submit updated time records at an appropriate time.

13. Attached as Exhibit 1 is a true and correct copy of a spreadsheet detailing the time spent by Paul Weiss attorneys in litigating this matter, with modifications as described below. The time entries in Exhibit 1 were prepared by Paul Weiss attorneys on a contemporaneous basis utilizing the firm's billing software program. I have reviewed these time entries and, with the assistance of other Paul Weiss lawyers acting under my supervision, exercised billing

judgment to exclude hours that might be deemed redundant, excessive, or otherwise unnecessary, in the same manner as I would for private clients.

14. In preparing Plaintiffs' fee application, Paul Weiss has made additional significant reductions from the time incurred in this matter. In particular, Plaintiffs do not seek compensation for the work of Paul Weiss law clerks, interns, paralegals, administrative staff and attorneys not part of the core team on this case, even though their work has been substantial and invaluable to our effort. In total, Paul Weiss personnel contemporaneously diaried in excess of 13,600 hours to this matter. More than 8,300 of those hours were worked by individuals other than the six core team members whose time sheets are being submitted in connection with those motion. All of these other individuals' hours have been excluded from this application. The six core team members whose time records are being submitted herewith alone recorded 5,202.8 hours working on this matter. Of that time, we have excluded 1,118.3 hours, or approximately 21.5%. Those reductions include time spent on case preparation prior to publication of the Notice of Proposed Rulemaking, litigating Defendants' motion for a stay in the Supreme Court, litigating Plaintiffs' motion for a preliminary injunction in light of the COVID-19 pandemic, and litigating in opposition to Defendants' petition for certiorari.

15. Given the enormous scope, complexity, and projected impact of the radical change in U.S. immigration and benefits law at issue in this case, Paul Weiss invested personnel resources on a scale that matches some of our biggest pro bono efforts in recent years. The work required mastery over the social and legal history of the concept of public charge, study of over 100 years of complex rule-making history, careful review of an administrative record encompassing thousands of pages, and time-sensitive legal filings to ensure the Rule was enjoined before it became effective, which in turn involved questions regarding organizational standing, explication of the intersection of immigration and public benefits law, equal protection law, scope of injunctive relief, the particularities of the APA, among other complex questions. All of the time devoted to this case was important to the full development and presentation of these complex arguments over a long period of time. Nevertheless, Paul Weiss is exercising a

substantial billing judgment because this ultimately was a pro bono matter that the firm proudly contributed to and, while all the time Paul Weiss expended would be compensable by law, this billing judgment reflects the core of the work done by the central members of the Paul Weiss team.

16. In addition, based on electronic records maintained by the firm, Paul Weiss incurred $35,402.35 in reimbursable disbursements for this matter, which includes fees for court reporting and transcripts ($1,208.27), duplication ($18,806.58), and case filing fees ($400) that in the ordinary course would be charged to paying clients. This total also includes $14,951.50 in fees paid to experts and their research assistants; the invoices for each such expert or research assistant are attached as exhibits 2–6.

17. Paul Weiss handled this matter on a *pro bono* basis and has not charged the Plaintiffs for attorneys' fees or expenses in this case. Paul Weiss's practice is to seek attorneys' fees on behalf of plaintiffs as the prevailing party in public interest litigation such as this, where Paul Weiss clients are entitled to such fees and choose to pursue a fee award, and to donate such fees to appropriate non-profit organizations. It is Paul Weiss's intention, should it be awarded its fees in this matter, to donate any awarded fees to appropriate non-profit organizations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 1, 2024
New York, New York

                                                                  */s/ Jonathan Hurwitz*
                                                                  JONATHAN HURWITZ