# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MAKE THE ROAD NEW YORK, AFRICAN
SERVICES COMMITTEE, CENTRAL
AMERICAN REFUGEE CENTER NEW YORK,
CATHOLIC CHARITIES COMMUNITY
SERVICES (ARCHDIOCESE OF NEW YORK),
CATHOLIC LEGAL IMMIGRATION
NETWORK, INC., ALICIA DOE, BRENDA
DOE, CARL DOE, DIANA DOE, and ERIC DOE,

No. 19 Civ. 07993 (GBD) (OTW)

      Plaintiffs,

    - against -

UR JADDOU, in her official capacity as Director
of United States Citizenship and Immigration
Services; the UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES; and ALEJANDRO
MAYORKAS, in his official capacity as Secretary
of Homeland Security; and the UNITED STATES
DEPARTMENT OF HOMELAND SECURITY,

      Defendants.

## PLAINTIFFS' CORRECTED[1] CONSOLIDATED MEMORANDUM OF LAW REGARDING PREVAILING PARTY STATUS

---

[1] Plaintiffs file this Corrected Memorandum solely to include tables of contents and authorities and a certification of word count, which were inadvertently omitted from the original Memorandum, filed on July 2, 2025 [ECF No. 385]. The Corrected Memorandum is in all other respects identical to the original Memorandum.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................................ii

I.    Introduction ........................................................................................................ 1

II.   Background ......................................................................................................... 1

III.  Argument............................................................................................................ 2

      A.    *Lackey's* Definition of Prevailing Party Does Not Apply to the *Blinken or Jaddou* Plaintiffs' EAJA Claims.................................................................. 3

      B.    *Jaddou* Meets the *Lackey* Final Judgment Requirement......................... 6

IV.   Conclusion.......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alexander Weller v. NYU Langone Health System*,
  No. 23-CV-8056, 2025 WL 1795397 (E.D.N.Y. June 30, 2025) ............................................. 5

*In re Am. Express Anti-Steering Rules Antitrust Litig.*,
  361 F. Supp. 3d 324 (E.D.N.Y. 2019) ........................................................................................ 3

*City & Cnty. of San Francisco, California v. Env't Prot. Agency*,
  145 S. Ct. 704, 221 L. Ed. 2d 166 (2025) ................................................................................ 5

*Cook County v. Wolf*,
  498 F. Supp.3d 999 (N.D. Ill. 2020) ...................................................................................... 6, 8

*Dep't of Homeland Sec. v. New York*,
  141 S. Ct. 1292, 209 L. Ed. 2d 263 (2021) ............................................................................ 8

*New York v. Dep't of Homeland Security*,
  969 F.3d 42 (2nd Cir. 2020) .................................................................................................... 8

*John Wiley & Sons, Inc. v. DRK Photo*,
  882 F.3d 394 (2d Cir. 2018) .................................................................................................... 4

*Knight First Amend. Inst. at Columbia Univ. v. United States Citizenship & Immigr.*
  *Servs.*,
  30 F.4th 318 (2d Cir. 2022) ...................................................................................................... 5

*Lackey v. Stinnie*,
  604 U.S. __, 145 S. Ct. 659 (Feb. 25, 2025) ................................................................... *passim*

*Make the Road New York v. Cuccinelli*,
  419 F.Supp.3d 647 (2019) ........................................................................................................ 6

*Palmetto Props., Inc. v. Cnty. of DuPage*,
  375 F.3d 542 (7th Cir. 2004) .................................................................................................... 4

*Roberson v. Giuliani*,
  346 F.3d 75 (2nd Cir. 2003) .................................................................................................... 8

*Russello v. United States*,
  464 U.S. 16 (1983) .................................................................................................................... 4

*Silvers v. Sony Pictures Entm't*,
  402 F.3d 881 (9th Cir. 2005) (en banc) .................................................................................... 4

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Sole v. Wyner*,
   551 U. S. 74 (2007) ............................................................................................ 7

*Universal Fid. LP v. United States*,
   70 Fed. Cl. 310 (2006) ...................................................................................... 8

*We the Protesters, Inc. v. Sinyangwe*,
   724 F. Supp. 3d 281 (S.D.N.Y. 2024) ............................................................. 5

**Statutes and Regulations**

8 C.F.R. § 212.1 ...................................................................................................... 1

5 U.S.C. § 701 *et seq.* ........................................................................................ 6, 8

28 U.S.C. § 2412 ............................................................................................ *passim*

42 U.S.C. § 1988 ............................................................................................ *passim*

**Other Authorities**

H.R. REP. 99-120, 5, 1985 U.S.C.C.A.N. 132, 133 .......................................... 6

H.R. REP. 99-120, 19, 1985 U.S.C.C.A.N. 132, 147 ........................................ 6

## I.    Introduction

Plaintiffs in *Make the Road New York v. Blinken*, No. 19-cv-11633 (GBD)(OTW) ("*Blinken*") and *Make the Road New York v. Jaddou*, No. 19-cv-7993 (GBD)(OTW) ("*Jaddou*") have moved the Court for awards of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for their successful work challenging the U.S. government's violations of law when it sought to dramatically broaden and upend the longstanding Public Charge Rule in the Immigration and Nationality Act (INA). This Court recommended an award of fees to the *Blinken* Plaintiffs *and* has not yet ruled on the *Jaddou* Plaintiffs' motion.

Subsequently, the Supreme Court issued an opinion in *Lackey v. Stinnie*, 604 U.S. __, 145 S. Ct. 659 (Feb. 25, 2025), which defined when litigants can be considered prevailing parties entitled to attorneys' fees under 42 U.S.C. § 1988—a fee-shifting provision that is not invoked by Plaintiffs in these cases. This Memorandum of Law addresses the single question of whether Plaintiffs seeking fees under EAJA in *Blinken and Jaddou* are subject to the *Lackey* prevailing party definition applicable to Section 1988, and concludes that *Lackey* does not foreclose fee recovery in these two EAJA cases.

## II.    Background

The *Blinken* Plaintiffs filed their initial fee petition on February 27, 2024 under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (*Blinken* ECF 155). This Court granted the motion in a Report & Recommendation on September 4, 2024, awarding Plaintiffs $376,447.58 (*Blinken* ECF 172). Defendants then filed an Objection, seeking review by Judge Daniels (*Blinken* ECF 174). Following the grant of certiorari by the Supreme Court in *Lacky v. Stinnie*, No. 23-621 (Nov. 20, 2023), Judge Daniels "recommitted the motion for attorneys' fees" in *Blinken* to this Court pending the outcome of the Supreme Court's decision. *Blinken*, 2024 WL 4350828 (S.D.N.Y. Sept. 30, 2024) (*Blinken* ECF 175). Plaintiffs sought reconsideration of that order (*Blinken* ECF 177),

Defendants opposed (*Blinken* ECF 179), and there was no ruling on the motion prior to the issuance of the decision in *Lackey* (*Blinken* ECF 186).  On February 26, 2025, Defendants filed a letter advising this Court of the issuance of the Supreme Court's decision in *Lackey*—which held that a party prevails for the purpose of entitlement to attorneys' fees under Section 1988 when a court conclusively resolves a claim by granting enduring relief in a judicial order—and requesting denial of Plaintiffs' fee motion (*Blinken* ECF 184).

The *Jaddou* Plaintiffs filed their fee petition on March 1, 2024 (*Jaddou* ECF 362), and all briefing from both sides has been completed. This Court has not yet ruled on the *Jaddou* Plaintiffs' motion. Judge Daniels recently ordered: "For purposes of analyzing any impact of *Lackey* on Plaintiffs' eligibility for attorneys' fees, this Court similarly recommits the motion for attorneys' fees in this related case [*Jaddou*] to Magistrate Judge Wang for renewed review and reconsideration," and directed that the open motions (*Jaddou* ECF 361, 376) be closed. (*Jaddou* ECF 379).

Plaintiffs sought leave to file a consolidated motion regarding attorneys' fees in both cases to address the limited issue of the impact of the Supreme Court's opinion in *Lackey* on the *Blinken* and *Jaddou* fee motions. (*Blinken* ECF 190) (*Jaddou* ECF 382). The Court granted the motion, consolidating the briefing, setting a briefing schedule, and ordering: "The parties' briefing should address only: what effect, if any, the Supreme Court's decision in *Lackey v. Stinnie*, 604 U.S. __ (2025), should have on Plaintiffs' pending application for fees."  Order (*Jaddou* ECF 384) (6/3/25); Order (*Blinken* ECF 192) (6/3/25).

## III.   Argument

Because the *Lackey* opinion concerns the definition of "prevailing party" under Section 1988, and does not address the more expansive concept of prevailing party employed in EAJA, the ruling does not foreclose an award of fees in *Blinken and Jaddou*.

A.    ***Lackey's*** **Definition of Prevailing Party Does Not Apply to the *Blinken or Jaddou* Plaintiffs' EAJA Claims**

Plaintiffs recognize the Supreme Court ruled in *Lackey* that under Section 1988 obtaining a preliminary injunction does not suffice to make a plaintiff a prevailing party. Plaintiffs also recognize that "prevailing party" is considered a legal term of art to be interpreted generally, absent legislative exception or judicial direction to do otherwise, in the arena of attorneys' fees. That exception is present in EAJA, where Congress gave the term "prevailing party" a particular meaning and usage—distinct from Section 1988—which allows fees to be awarded to successful plaintiffs who did not proceed to final judgment.

The starting point for this analysis is the Supreme Court's definition of "prevailing party" under Section 1988 in *Lackey*, which in relevant part provides:

> Section 1988(b) permits courts to award attorney's fees to a "prevailing party." A party "prevails" when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties. Critically, both the change in relationship and its permanence must result from a judicial order. A preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a "prevailing party." Nor do external events that moot the action and prevent the court from conclusively adjudicating the claim.

*Lackey*, 145 S. Ct. at 671. By the opinion's terms, *Lackey* interprets only Section 1988 explicitly. *Id.*; *see also id.* at 664 ("The question presented is whether [plaintiffs] are 'prevailing parties' who qualify for an award of attorney's fees under § 1988(b)").  Nowhere in the opinion does the Court extend or apply its holding to EAJA or any other statute. *See In re Am. Express Anti-Steering Rules Antitrust Litig.*, 361 F. Supp. 3d 324, 340 (E.D.N.Y. 2019) (recognizing "the general rule that courts should not read Supreme Court opinions as "contain[ing] holdings on matters the Court did not discuss and which, presumably, the parties did not argue"), *quoting Sweeney v. Westvaco Co.*, 926 F.2d 29, 40 (1st Cir. 1991) (Breyer, C.J.).

Comparing Section 1988 to the specific language of EAJA reveals material differences that render *Lackey*'s definition of prevailing party inapposite. *See Palmetto Props., Inc. v. Cnty. of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004) (recognizing and applying exception to presumption of uniform application of prevailing party standard where there is "a clearly contrary indication in the 'text, structure, or legislative history of a particular fee-shifting statute'") (citation omitted). Section 1988's conception of who may prevail and be awarded fees is uniform throughout the statute, leading the *Lackey* Court to conclude that a final judgment is required in any case subject to 1988. By contrast, EAJA expressly delineates only one area of law—eminent domain—in which a final judgment is required for a plaintiff to achieve prevailing party status. In the context of an eminent domain proceeding, Congress defines prevailing party to "mea[n] a party who obtains a *final judgment*" of a certain amount. 28 U.S.C. § 2412(d)(2)(H) (emphasis added). In no other context within the statute's full ambit does EAJA require a final judgment as a predicate for attorneys' fees. 28 U.S.C. § 2412.

By defining prevailing party as requiring final judgment in one part of the Act, yet remaining silent as to final judgment in other parts of the Act, standard rules of statutory interpretation dictate the presumption that Congress purposely *did not* require a final judgment for EAJA actions outside of eminent domain cases. When interpreting statutes, the Supreme Court has held that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23 (1983). As the Second Circuit has explained: "the interpretive canon of *expressio unius est exclusio alterius* instructs that Congress's expression of one or several items in an enumerated list typically reflects an intent to "exclude[ ] another left unmentioned." *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 405 (2d Cir. 2018); *see also Silvers v. Sony Pictures Entm't,* 402 F.3d 881, 885 (9th

Cir. 2005) (en banc) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.") (internal quotation marks omitted).

The majority opinion in *Lackey* reiterates this rule of interpretation, explaining that where Congress has written a particular term into a statutory provision, and omits it elsewhere, "'Congress has shown that it knows how to adopt the omitted language or provision.'" *Lackey,* 145 S. Ct. at 669-70, *quoting Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019); *see also City & Cnty. of San Francisco, California v. Env't Prot. Agency*, 145 S. Ct. 704, 717, 221 L. Ed. 2d 166 (2025) (recognizing a "'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'") (citations omitted); *Knight First Amend. Inst. at Columbia Univ. v. United States Citizenship & Immigr. Servs*., 30 F.4th 318, 331 (2d Cir. 2022) ("It is not the province of the courts to add words to statutes that Congress has enacted."); *Alexander Weller v. NYU Langone Health System*, No. 23-CV-8056, 2025 WL 1795397, at *6 (E.D.N.Y. June 30, 2025) (finding that Congress showed it knew how to specify a particular standard by including that standard in a "nearby provision" of the statute) (citing *Lackey*, 145 S. Ct. at 669-70); *We the Protesters, Inc. v. Sinyangwe*, 724 F. Supp. 3d 281, 299 (S.D.N.Y. 2024) ("Had Congress wished to restrict" a term to a particular meaning, "it surely knew how to do so."). By expressly requiring final judgment in eminent domain cases, and *not* in other areas covered by EAJA, Congress presumptively allowed for the possibility of attorneys' fees in non-eminent domain cases that have not proceeded to final judgment.

Furthermore, the legislative history of EAJA demonstrates Congress sought to cabin the requirement of a final judgment specifically to eminent domain cases alone. In the House Report on the passage of the 1985 Equal Access to Justice Act, Extension and Amendment, the Judiciary

Committee explained: "Nothing in the definition of 'prevailing party' for purposes of condemnation proceedings is meant to limit the definition of 'prevailing party' under other circumstances. The Act, as originally enacted, has an *expansive view of* the term 'prevailing party.'" H.R. REP. 99-120, 19, 1985 U.S.C.C.A.N. 132, 147 (emphasis added). Thus, Congress was well aware of the difference between the narrow definition of a prevailing party who must achieve final judgment, and an expansive view of a prevailing party who may obtain fees by a means of success short of final judgment.[2] Thus, the legislative history shows that by choosing to apply the narrow definition in one area of EAJA (eminent domain), Congress also chose to allow the expansive definition for the remainder of the statute. *Blinken* and *Jaddou* are subject to the expansive definition, which provides this Court the discretion to award fees in both cases.

### B.    *Jaddou* Meets the *Lackey* Final Judgment Requirement

In *Jaddou*, this Court issued a preliminary injunction barring enforcement of the Public Charge Final Rule. Even if final judgments were required for all fee petitions brought under EAJA, *Jaddou* meets that condition. Under the circumstances of multiple-venue nationwide litigation challenging the Public Charge Final Rule, final judgment was first achieved in one of *Jaddou*'s companion cases, *Cook County v. Wolf*, 498 F. Supp.3d 999 (N.D. Ill. 2020). In that case, the District Court granted partial summary judgment on plaintiffs' claim that the Final Rule violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and issued vacatur of the Final Rule nationwide. *Cook County*, 498 F. Supp.3d at 1004-05. The *Cook County* summary judgment ruling addressed the same Final Rule as the *Jaddou* preliminary injunction, and the order was based on the same legal grounds under the APA. *Compare Id.* with *Make the Road New York v. Cuccinelli,* 419

---

[2] Clarifying this distinction even further, the Judiciary Committee distinguished EAJA from Section 1988 by characterizing Section 1988 as "a fairly narrow attorneys fee statute relating to civil rights matters." H.R. REP. 99-120, 5, 1985 U.S.C.C.A.N. 132, 133.

F.Supp.3d 647, 660-62 (2019). Furthermore, the nationwide scope of the *Cook County* vacatur meant that every plaintiff in *Jaddou* would receive the benefit of the order, thereby creating complete overlap between the two cases in terms of both legal basis and practical effect. The *Cook County* summary judgment thus provides the *Lackey* final judgment element for purposes of the *Jaddou* fee petition, since "a plaintiff 'prevails' … when *a court* conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the relationship between the parties." *Lackey*, 145 S. Ct. at 671 (emphasis added).

While reliance on a final judgment in a different judicial district is an unusual scenario, it does meet the limiting rationale expressed in *Lackey*. The Supreme Court explained that its ruling stemmed from a concern about awarding fees when a legal dispute has not been "conclusively re-solve[d]" through a "judicially sanctioned and enduring" order. *Lackey*, 145 S. Ct. at 669, citing *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 601 (2001); *Sole v. Wyner*, 551 U. S. 74, 77 (2007). In particular, the *Lackey* Court expressed concern about awarding fees where "external events [] render a dispute moot." *Lackey*, 145 S. Ct. at 667-68; *id.* at 666 ("We granted certiorari to determine whether the term 'prevailing party' in §1988(b) encompasses a party who is awarded a preliminary injunction, if the case becomes moot before the court reaches a final judgment").

On the facts of *Lackey*, plaintiffs' legal claim became moot when the state legislature provided the relief they had sought in the litigation. *Lackey*, 145 S. Ct. at 669. The Supreme Court found the legislative action to be an "external event" which, because it was not in the form of a final judicial sanction, did not merit fees. *Id*. at 671. The situation in *Jaddou* is different, in that the "external event" is itself a final judicial sanction binding the same government entity. Thus, the concern animating the Court in *Lackey* about plaintiffs who prevail through practical developments removed from the judicial process is not present in *Jaddou*. Indeed, the Second Circuit and other

federal courts have determined that "judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur." *Roberson v. Giuliani*, 346 F.3d 75, 81 (2nd Cir. 2003).[3]

Reliance on the *Cook County* injunction is bolstered by the finality of the Circuit Court's holdings in both that case and *Jaddou*. In *Cook County*, the Seventh Circuit held that the Final Rule is both substantively and procedurally defective under the APA. *Cook County,* 962 F.3d at 229-33. The government conceded that the Seventh Circuit's opinion affirming the preliminary injunction "effectively resolve[d] the APA claims on the merits in Plaintiffs' favor," and that "the Court may grant Plaintiffs' pending [summary judgment motion] in light of the Seventh Circuit's decision affirming the Court's preliminary injunction order." *Cook County,* 498 F.Supp.3d at 1004. Similarly, in *Jaddou,* the Second Circuit ruled unambiguously in favor of Plaintiffs on their APA claim, holding in particular that "where, as here, DHS anchors its decision to change its interpretation in the perceived shortcomings of the prior interpretation, and then fails to identify any actual defect, it has not provided a "reasoned explanation" for its actions" which have "stray[ed] from congressional intent." *New York v. Dep't of Homeland Security,* 969 F.3d 42, 82 (2nd Cir. 2020). Certiorari was dismissed on that appeal. *Dep't of Homeland Sec. v. New York*, 141 S. Ct. 1292, 209 L. Ed. 2d 263 (2021). Thus, final adjudication of the APA claim was set in stone by the Second and Seventh Circuits, even though the Circuit Courts technically were only reviewing preliminary injunctions. *See Roberson*, 346 F.3d at 83 (a court order that "*effectuated* the obligations of the parties" thereby "created the change in the legal relationship" sufficient to provide judicial imprimatur for fee recovery) (emphasis in original); *Universal Fid. LP v. United*

---

[3] While *Roberson* addressed a different factual scenario than here, regarding the degree of judicial supervision over settlement agreements necessary to avoid the bar on "catalyst" fees under *Buckhannon*, the ruling is relevant in that the Circuit focused on the core question of whether plaintiffs' success was ordained by a judge rather than by extra-judicial means.

*States*, 70 Fed. Cl. 310, 314 (2006) (even where the court did not issue an opinion on the merits, it did find defendant's conduct arbitrary and capricious, thereby providing "an essence of finality" with "sufficient judicial imprimatur to be considered "the equivalent of a judgment on the merits" as the basis for a fee award under EAJA).

Since the *Cook County* injunction meets the requirement of a conclusive court order granting enduring judicial relief, as well as the rationale underlying that rule, it suffices for the purpose of justifying an award of fees in *Jaddou.*

**IV.    Conclusion**

For the reasons discussed above, the Court should order that the Supreme Court opinion in *Lackey v. Stinnie*, 604 U.S. __, 145 S. Ct. 659 (Feb. 25, 2025) does not prevent Plaintiffs in *Blinken or Jaddou* from being deemed prevailing parties in their fee petitions under the Equal Access to Justice Act. Consequently, the *Blinken* Report and Recommendation should be reaffirmed, and the *Jaddou* fee motion should be renewed.

Dated: July 2, 2025
New York, New York

**CENTER FOR CONSTITUTIONAL RIGHTS**
By: /s/ *Samuel Miller*
Samuel Miller
Baher Azmy
666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
samrmiller@yahoo.com
bazmy@ccrjustice.org


**THE LEGAL AID SOCIETY**
By: /s/ *Susan E. Welber*
Susan E. Welber
Bronx Neighborhood Office
260 East 161st Street, 8th Floor
Bronx, New York 10451
(646) 234-4326
sewelber@legal-aid.org

Judith Goldiner
Deborah Lee
49 Thomas Street, 5th Floor
New York, New York
(212) 577-3915
jgoldiner@legal-aid.org
dslee@legal-aid.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Andrew J. Ehrlich*
     Andrew J. Ehrlich
     Leah J. Park

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
abowles@paulweiss.com
lpark@paulweiss.com

*Attorneys for Plaintiffs*

10

## **<u>CERTIFICATION OF COUNSEL</u>**

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing document contains 2,946 words and complies with the word count limitations in Section V.(d) of this Court's *Individual Practices in Civil Cases*.

<u>*/s/ Samuel Miller*</u>

Samuel Miller

Attorney for Plaintiffs